EBEL, Circuit Judge,
concurring:
I am in general agreement with the majority opinion. I write separately only to express my disagreement with the majority’s conclusion that “[i]f Plaintiff is able to prove these allegations with evidentiary support, he will have satisfied his prima facie burden to prove that the denial of the visits was a ‘substantial burden’ under RFRA.” Maj. op., supra, at 961 (emphasis added).
Whether a regulation operates as a substantial burden on a person’s exercise of religion is a factual question. I am not prepared to say, on the skeletal record before us, that the pastoral-visit regulations constitute a substantial burden in this case. Plaintiff has explained that Reverend Rickard’s familiarity with Japan and Japanese spiritual practices makes him a particularly appropriate choice as Plaintiffs pastor. However, the record does not establish why other Christian ministers would not be adequate in the absence of knowledge of Japanese practices nor does the record establish whether the Defendants would grant Plaintiff pastoral access to other ministers whose counseling would be substantially similar to that offered by the ministers Plaintiff has requested. In short, the record does not yet establish that it would be a “substantial burden” to Plaintiffs religious exercise if he were required to resort to Christian counseling from ministers other than Reverend Rickard and the other registered ministers.
Because this is an intrinsically fact-based question, and there has been no opportunity for the parties to develop these facts, I believe it is inappropriate for us to rule on the issue as a matter of law at this time. We cannot determine what would be a substantial burden without the benefit of seeing a full record. Since we are remanding anyway for a balancing analysis, I would also remand to the dis *967 trict court for it to determine whether there is a substantial burden in the first instance, without prejudging the issue.